# COURT OF APPEALS OF VIRGINIA

## Record No. 0790-25-4

STEPHEN STONE MANN
v.
JULIE PALMER LEHMAN

Present: Judges Raphael, Lorish and Frucci
Argued at Arlington, Virginia

Opinion Issued August 11, 2026[*]

## FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan D. Frieden, Judge

John K. Cottrell (Cottrell Fletcher & Cottrell PC, on briefs), for appellant.

Carrie M. Patterson (Elizabeth M. Bookwalter; Violet A. Soliz; Patterson Bookwalter PLLC, on brief), for appellee.

## MEMORANDUM OPINION BY
## JUDGE STUART A. RAPHAEL

Stephen Stone Mann petitioned the trial court to modify his child-support obligation after his elder child graduated from high school. Following a trial on the petition, the court modified Mann's support obligation and awarded $10,000 in attorney fees to Mann's ex-wife, Julie Palmer Lehman. Mann appeals the attorney-fee award, arguing that the trial court abused its discretion in awarding fees to Lehman because the court awarded her less in child support than his final settlement offer. Finding the attorney-fee award within the trial court's discretion, however, we affirm the judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Mann and Lehman divorced in 2014. Their separation agreement provided that Mann would pay Lehman $3,000 in monthly child support for their two minor children. On June 24, 2024, Mann petitioned the trial court to modify his child-support obligation because the parties' elder child had turned 18 and had graduated from high school.

On August 6, Mann's attorney emailed Lehman's attorney to offer a new child-support amount. Using the income reported on his 2023 tax return and the W-2 earnings that Lehman provided, Mann calculated a new monthly support obligation of $1,792. On August 20, Lehman's attorney issued a subpoena duces tecum for Mann's accountant. The subpoena sought production of Mann's personal tax returns for 2022 and 2023; tax returns and financial reports for Mann's company, Stone Investments & Consulting, Inc.; and tax returns for other businesses in which Mann was involved. Mann moved to quash the subpoena on September 10, arguing that it was "overly broad and not material to the pending child support modification motion." Lehman responded that the records she sought were relevant because Mann had a "variable income stream" and she needed the documents "to fully analyze" Mann's income to calculate the appropriate child support.[1]

The parties served discovery requests over the next month. Lehman requested information about Mann's bank accounts, investments, personal property, and business earnings going back to January 1, 2022. Mann objected that most of Lehman's requests were overly broad, burdensome, and "beyond the scope of relevance." On October 18, Lehman moved the court to overrule Mann's objections and compel his responses, arguing that the information sought was necessary to determine his child-support obligation. Mann responded that he had

_____

[1] The parties resolved Mann's motion to quash by agreement on October 24, but the court did not enter an order reflecting that agreement until November 8.

already provided his 2023 tax return and that alone was sufficient to calculate his support obligation under the guidelines.[2]

On October 22, Lehman proposed that Mann pay $2,500 in monthly child support, retroactive to the date of his petition. Mann replied the next day, offering $2,000 per month retroactive to filing. On October 25, Lehman proposed $2,250 per month with no retroactivity. On November 1, Mann moved the court to compel Lehman to produce her tax returns for 2022 and 2023.

The court, based on an earlier agreement by the parties, partially granted Mann's motion to quash on November 8. The court's order permitted Lehman to subpoena Mann's accountant for: (1) Mann's personal tax returns for 2022 and 2023; (2) tax returns from Stone Investments for 2022 and 2023; and (3) the year-end profit-and-loss statements from Stone Investments for 2022 and 2023. On November 13, Lehman proposed her final offer of $2,300 per month in child support. Two days later, the court granted Mann's motion to compel Lehman to provide her 2022 and 2023 tax returns, reserving the question of attorney fees for trial.

At the November 20 trial, the court bifurcated the issues of child support and attorney fees. The parties stipulated that Mann's income was $529,188 in 2024 and Lehman's income was $102,313 in 2023. Mann argued that Lehman's income was higher because she received an additional $12,000 a year from her husband to offset the amount that she invested into her 401(k). He asked the court to reduce his support obligation to what it determined to be the presumptive amount under the guidelines. Alternatively, he asked the court to reduce the monthly payment to $1,500—half of his current obligation. Lehman requested that the court

---

[2] Code § 20-108.2 establishes guidelines for calculating a parent's presumptive child-support obligation based on the number of children and the parents' gross incomes. The statute authorizes the trial court in its discretion to deviate from the presumptive guideline amount.

deviate upward from the guideline amount by averaging Mann's stipulated income and his 2023 income. She argued that an upward deviation was warranted because his income was higher than what he claimed and he had significant assets (e.g., multiple luxury cars, a new $1.5 million home, and rental properties). Mann countered that although Lehman's stipulated income was less than his, she had remarried someone with substantial earnings and assets.

After taking the parties' arguments under advisement, the court ruled from the bench on January 17, 2025. The court found that Mann "earns an annual salary of $120,000 and earns additional income through his ownership in multiple restaurants." Mann's income in 2024 was $529,188 and $619,044 in 2023. The court declined to average those incomes as requested by Lehman, though the court "went back and forth on it." The court also rejected Mann's request to add to Lehman's income the $12,000 she received from her husband. The court found instead, based on the parties' stipulations, that Lehman's monthly income was $8,526 and Mann's monthly income was $44,099.

Based on the parties' incomes and the custody schedule for the minor child, the court determined the presumptive amount of child support to be $1,801. After considering "the factors enumerated in" Code § 20-108.1(B), including "the other financial resources of the parties," the court declined to deviate from the guideline amount.

As for attorney fees, Mann argued that Lehman made the child-support litigation "unnecessarily complicated and expensive" by rejecting his support offers, issuing a subpoena to his accountant, and issuing "copious discovery." He further argued that Lehman did not prevail on her request for an upward deviation from the guideline amount. The court noted that it had "to consider the fact that [Mann] makes five times or more [than] what [Lehman] makes." Mann responded that despite the income difference, Lehman also lived an affluent lifestyle and could afford to pay attorney fees because her husband largely covered her living expenses. The court

found that both parties were "doing fine financially" but that Lehman's husband was not responsible for paying her legal fees to litigate with Mann over the proper amount of child support.

Lehman denied that she had "unnecessarily complicated" the litigation, arguing that she did not have to "blindly" accept the income that Mann had claimed in his first offer. Lehman said that she requested discovery going back only to 2022, which the court ultimately required Mann to provide. She defended the broad subpoena she had issued because she knew that Mann had "additional business interests" not encompassed by his 2023 tax return. She noted that Mann had failed to provide his 2022 financial information at the outset, protracting the dispute. She also noted that "he earns five times what she earns." According to the parties' fee affidavits, Mann spent $29,666.25 in attorney fees and Lehman spent $25,780.60. The trial court found those fees to be reasonable.

The court again took the parties' arguments under advisement. By final order entered March 6, 2025, the court memorialized its child-support ruling and ordered Mann to pay Lehman $10,000 in attorney fees. The court denied Mann's motion to reconsider its attorney-fee ruling, stating that it had made its ruling after considering "(a) the financial circumstances of each party, (b) any conduct by either party that unreasonably increased the cost of litigation, (c) the result of the litigation; (d) any conduct of the parties that gave rise to the litigation . . . and (e) all other circumstances of the parties and equities of the case." Mann appeals.

ANALYSIS

Mann claims that the trial court erred by ordering him to pay Lehman $10,000 in attorney fees and by denying his motion to reconsider the attorney-fee ruling. He argues that, having prevailed below, he should not have been ordered to pay Lehman's fees. He also argues that Lehman could have afforded her own fees.

*A. The trial court did not err by awarding attorney fees to Lehman.*

Trial "courts have broad statutory authority to award attorney fees in a domestic relations matter." *Yazdani v. Sazegar*, 76 Va. App. 261, 272 (2022) (citing Code § 20-99; *Tyszcenko v. Donatelli*, 53 Va. App. 209, 222 (2008)). That discretionary authority "extends to related post-divorce proceedings," including modifying child support. *Tyszcenko*, 53 Va. App. at 222. In deciding whether to award fees, "a trial court may consider the 'unique equities of each case,' and may consider factors including 'ability to pay a fee, the party's degree of fault in bringing about the dissolution of the marriage, and whether the party unnecessarily increased litigation costs through unjustified conduct.'" *Yazdani*, 76 Va. App. at 273 (quoting *Rinaldi v. Rinaldi*, 53 Va. App. 61, 78 (2008)).

Arguing that the trial court's alleged "'winner pays' result undermines the public policy of encouraging settlement," Mann relies on *Mayer v. Corso-Mayer*, 62 Va. App. 713 (2014). But we found in *Mayer* that the trial court erred because it "never identified any basis for the award of attorney's fees and costs to mother." 62 Va. App. at 732. The mother's attorney-fee argument there "amounted to a 'loser pays' rationale for an award of attorney's fees and costs." *Id.* We noted that "there is no prevailing-party entitlement to fees." *Id.* at 733 (emphasis omitted) (quoting *Tyszcenko*, 53 Va. App. at 223). We reversed the fee award there because the record did "not reflect that the award . . . was premised on any of the circumstances authorizing an award under Code §§ 20-79(b) and 20-99(6)."[3] *Id.* at 734. The record "merely reflect[ed]

---

[3] Code § 20-99(6) provides that "[c]osts may be awarded to either party as equity and justice may require" in a divorce proceeding. Code § 20-79(b) provides that

> [i]n any suit for divorce, the court . . . when either party to the proceeding so requests, shall provide in its decree for the maintenance, support, care or custody of the child or children . . . support and maintenance for the spouse, if the same be sought, and counsel fees and other costs, if in the judgment of the court any or all of the foregoing should be so decreed.

(1) that mother brought a petition for continuing child support against father and (2) that father simply answered the petition and contested mother's claim in the trial court." *Id.* There was "no evidence that father . . . delayed the litigation or otherwise frustrated the course of the proceedings." *Id.*

*Mayer* does not warrant a reversal here. For one thing, the trial court rejected Mann's request to increase Lehman's income by $12,000, cutting against his position that he was the clear prevailing party below. It also rejected his request at trial to award only $1,500 in child support. And even though Mann's initial child-support offer ($1,792) was within a few dollars of the court's ultimate award ($1,801), that offer was made when Lehman had only an incomplete picture of his financial status. Lehman knew that Mann had a "variable income stream," so she requested additional financial information beyond the 2023 tax return he had provided. The trial court partially agreed with Lehman on that point, ordering Mann to provide the 2022 and 2023 tax returns for himself and his business, Stone Investments. We cannot say— and the trial court did not find—that Lehman's subpoena or discovery conduct "delayed the litigation or otherwise frustrated the course of the proceedings." *Id.*

"[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record," *Tyszcenko*, 53 Va. App. at 223 (alterations in original) (quoting *McGinnis v. McGinnis*, 1 Va. App. 272, 277 (1985)), and that standard was satisfied here. The March 6 order stated that the court was awarding Lehman $10,000 in attorney fees based on its "consideration of the circumstances of the parties and all the equities of the case." That was less than half the total fees incurred by Lehman. The order denying Mann's motion to reconsider clarified that the court had considered "the financial circumstances of each party," whether either party had "unreasonably increased the cost of the litigation, . . . the result of the litigation," any conduct giving "rise to the litigation," and "all other circumstances of the parties

and equities of the case." Unlike in *Mayer*, the trial court here explained its fee award. And its explanation "was premised on . . . the circumstances authorizing an award under Code §§ 20-79(b) and 20-99(6)," 62 Va. App. at 734, including that Mann's income was "five times" greater than Lehman's. Thus, we find no abuse of discretion in the trial court's $10,000 fee award to Lehman.

### B. *The Court denies appellate fees and costs.*

Both parties have requested their appellate attorney fees and costs. Rule 5A:30(b)(2)(C) instructs that "[i]n determining whether to make such an award, th[e Court of Appeals shall not be] limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." "[T]he question of attorney fees on appeal is committed to our discretion based upon our consideration of all of the pertinent facts and circumstances." *Sobol v. Sobol*, 74 Va. App. 252, 290 (2022). Exercising that discretion, we find that the equities do not warrant awarding appellate fees to either party.

CONCLUSION

We find no abuse of discretion in the trial court's attorney-fee award and decline to award appellate fees and costs.

*Affirmed.*